In re:  
Michael E. Markle  
Dora L. Markle  
     Debtors

Case No. 17-02795-HWV  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0314-1     User: DDunbar     Page 1 of 1     Date Rcvd: Jul 31, 2017  
                     Form ID: pdf010     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 02, 2017.  
db/jdb        +Michael E. Markle,    Dora L. Markle,    1071 E. River Drive,    Wrightsville, PA 17368-1360

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                   TOTAL: 0

             ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 02, 2017                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 31, 2017 at the address(es) listed below:  
         Craig A. Diehl    on behalf of Joint Debtor Dora L. Markle cdiehl@cadiehllaw.com,  
           jhanawalt@cadiehllaw.com;r51336@notify.bestcase.com  
         Craig A. Diehl    on behalf of Debtor Michael E. Markle cdiehl@cadiehllaw.com,  
           jhanawalt@cadiehllaw.com;r51336@notify.bestcase.com  
         James    Warmbrodt    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com  
         United States Trustee    ustpregion03.ha.ecf@usdoj.gov  
                                                                                            TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MICHAEL E. MARKLE and | : | CASE NO. 1:17-bk-02795HWV |
| DORA L. MARKLE, | : | |
| Debtors-in-Possession | : | CHAPTER 11 |
| | : | |

## AMENDED ORDER

AND NOW, the Amended Application of Debtors-in-Possession herein to employ Law Offices of Craig A. Diehl, under a general retainer having been read and considered, and the Court being satisfied that said attorney represents no interest adverse to Debtors-in-Possession or the estate in the matters upon which he is to be engaged, that his employment is necessary and would be to the best interest of this estate, that the said case justifies counsel for the purposes specified, and that no notice of hearing on said Amended Application should be given, and no adverse interest being represented, it is

ORDERED that the Debtors-in-Possession herein is hereby authorized to retain and employ Law Offices of Craig A. Diehl, under a general retainer as set forth in the Amended Application, to represent them in the within case under Chapter 11 of the Bankruptcy Code.

Dated: July 31, 2017

By the Court,

_Henry W. Van Eck_
Henry W. Van Eck, Bankruptcy Judge
(DDY)

\* Execution of this Order approving employment is not a guarantee that payment will ultimately be approved in any amount from the estate. Such compensation is dependent on the consideration of a final application for fees. *In re Engel,* 124 F.3d 567 (3rd Cir. 1997).